## MURPHY v. UNITED STATES.

### (Circuit Court, N. D. California. January, 1893.)

### No. 11,486.

1. GOVERNMENT EMPLOYE—NAVY YARDS—SUSPENSION—COMPENSATION.
   The suspension by the commandant of a government navy yard, upon charges preferred, of a foreman mason appointed by him, and receiving a per diem compensation, is equivalent, so far as the right of compensation is concerned, to a dismissal.

2. SAME.
   The fact that a board of investigation is subsequently appointed by the secretary of the navy to inquire into the charges against the foreman, which board recommends his dismissal, is not a recognition of his status as a government employe, and the fact that he was not formally dismissed is immaterial.

8. SAME—CLAIMS FOR TRAVELING EXPENSES.
   Such foreman cannot recover from the United States his expenses in traveling from Washington to Mare Island navy yard, Cal., to be present at the investigation, when it appears that his presence in Washington was for the purpose of procuring a reinstatement, and that the board was appointed on his application.

At Law. Action by Charles Murphy against the United States to recover compensation alleged to be due him as foreman mason at the Mare Island navy yard. Heard on demurrer to the petition. Demurrer sustained.

H. B. M. Miller, for plaintiff

Charles A. Garter, U. S. Atty., and Charles A. Shurtleff, Asst. U. S. Atty.

GILBERT, Circuit Judge. The plaintiff filed his petition under the act of congress approved March 3, 1887, entitled "An act for the bringing of suits against the government of the United States." The petition contains two causes of action. The first is, in substance, that on July 23, 1885, the plaintiff was, by the commandant of the United States navy yard, at Mare island, Cal., appointed foreman mason of said navy yard, "at the understood and agreed compensation of six dollars per day;" that he forthwith entered upon the performance of his duties as such foreman, and continued to perform the same until September 29, 1885, when he was suspended by the commandant, by reason of certain charges which had been preferred against him; that on November 30th following, a board of investigation met at Mare island under the direction of the secretary of the navy, to investigate said charges, and on January 7, 1886, the board reported to the secretary, recommending the plaintiff's dismissal; that the plaintiff was never discharged, and that the proceedings of the board, for reasons alleged in the petition, were illegal, and of no effect; that ever since the 23d day of July, 1885, plaintiff has been, and now is, the regularly and duly appointed foreman mason at said navy yard; that there is due the plaintiff his compensation as such foreman from the date of his suspension to the commencement of this action, in the sum of $10,430.

In the second cause, in addition to the facts above stated, plaintiff alleges that while such foreman mason, and acting under orders from the secretary of the navy, he was compelled to and did travel from the city of Washington to said Mare Island navy yard for the purpose of being in attendance upon said board of investigation, and that he was compelled to and did expend $240 in so doing.

Plaintiff waived all of his claims in excess of the jurisdictional limit of $10,000. The defendant demurs upon the ground that the plaintiff has not stated facts sufficient to constitute a cause of action upon either of his demands.

I am of the opinion that the demurrer must be sustained as to both. In the first cause there is no allegation of employment for any definite or fixed time. The plaintiff did not hold an office, nor was he paid a fixed salary. He was a workman employed by the day at a compensation of six dollars per diem. He received his appointment from the commandant. The authority that appointed subsequently suspended him from his position. The suspension, so far as his right to compensation was concerned, was equivalent to a discharge. The plaintiff was under no contract to serve the United States for any definite period, or at all. The position was one that he could abandon whenever he so desired. From the time of his suspension he has been free to seek other employment. Since that date he has rendered no service to the United States, and the government owes him nothing. The fact that subsequently, and presumably at his instance, the secretary of the navy ordered a board of investigation to consider and report upon the charges that were preferred against him was no recognition of his status as an employe. Neither does the fact that no formal dismissal was had in pursuance of the report in any way affect the case. The plaintiff was to all intents and purposes discharged when he was suspended from his position. The provision of the second clause of section 1545 of the Revised Statutes would seem to be applicable to this case:

"Sec. 1545. Salaries shall not be paid to any employes in any of the navy yards except those who are designated in the estimates. All other persons shall receive a per diem compensation for the time during which they may be actually employed."

As to the second cause of action, the complaint does not contain information sufficient to show that the money paid by plaintiff in returning from Washington was expended in the service of the United States, or that the orders of the secretary of the navy came to the plaintiff in the capacity of an employe, officer, or agent of the government, or that he was under obligation to obey them. Having been suspended from his former position, he was no longer an employe of the navy yard at Mare island; and, even if we concede that his suspension by the commandant was not the equivalent of a discharge, it is not explained how the duties of a foreman mason at Mare island could have required plaintiff's presence at Washington, or rendered the return trip necessary. I think it sufficiently appears from the complaint that after the plaintiff:

suspension from his position at the navy yard he went to Washington to petition either for reinstatement or an investigation of the charges that had been preferred against him, and that, in pursuance of his application, the meeting of the board of investigation was ordered, and that in returning to Mare island the plaintiff came of his own motion to attend the meeting of that board. If such were the facts, (and there is nothing in the complaint to negative that assumption,) the plaintiff is not entitled to recover his traveling expenses. The demurrers are sustained.